IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THE STANDARD FIRE INSURANCE )
COMPANY, )
  )
  Plaintiff/Counter Defendant, )
  )
v. )  Civil Action No. 3:10CV655–HEH
  )
HARMONIE R. PROCTOR )
and )
RIVA M. PROCTOR )
  )
  Defendants/Counter Plaintiffs. )

**MEMORANDUM OPINION**
**(Motions to Dismiss Counts II and III of the Counterclaim)**

This is an action by The Standard Fire Insurance Company ("Standard Fire")

seeking a declaratory judgment as to the scope of coverage, if any, of a homeowner's

insurance policy ("the policy") issued to Harmonie R. Proctor and Riva M. Proctor

(collectively "the Proctors").  In response to the complaint, the Proctors filed a three-

count counterclaim against Standard Fire.  This matter is currently before the Court on

Standard Fire's motion to dismiss or alternatively sever count II of the counterclaim and

motion to dismiss count III of the counterclaim.  Both parties have submitted memoranda

of law on these issues.  The Court will dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the Court, and oral

argument would not aid in the decisional process.  For the reasons stated below, Standard

Fire's motion to dismiss count II of the counterclaim will be denied and the motion to

dismiss count III of the counterclaim will be granted.

## I.

The following facts are alleged in the counterclaim and are therefore assumed to be true for the purpose of the motions to dismiss. At some point prior to October, 2007, Standard Fire issued a homeowner's policy to the Proctors, covering the property located at 4027 Bonnie Brae Court in Fredericksburg, Virginia. In October, 2007, a fire extensively damaged that property, where the Proctors then resided. Between October, 2007 and February, 2009, Standard Fire paid over $687,000 to the Proctors for claims related to the fire. In June, 2008, the Proctors renewed their policy with Standard Fire and asked that a builder's risk provision be added to the policy in order to cover any losses sustained during the reconstruction of their home.

In April, 2009, the Proctors were in the process of rebuilding their home. On two separate occasions during that month, the Proctors allege that construction materials were stolen from the construction site where the Proctors' home was being rebuilt. The first alleged theft, on April 8, resulted in a loss of $432,101.93 worth of materials. The second alleged theft, on April 18, resulted in a loss of materials having a value of $42,959. The Proctors claim that the June, 2008 policy was in effect at the time both alleged thefts occurred.

The Proctors further contend that they submitted claims for these two thefts and that Standard Fire initially acknowledged that the losses were covered under the policy. However, the Proctors claim that Standard Fire later reversed their position, declined to

2

honor the claims for stolen materials and even implied on several occasions that Mr. Proctor may have stolen the materials himself to use on other construction projects.[1]

Count II of the counterclaim alleges bad faith and seeks to recover costs and reasonable attorney's fees from Standard Fire, pursuant to § 38.2–209 of the Code of Virginia. Specifically, they maintain that Standard Fire accused them of stealing their own property and failed to pay the claims for the alleged thefts, as required by the terms of the policy.

Count III of the counterclaim alleges actual or constructive fraud. The Proctors claim that when they renewed the policy in June, 2008, Standard Fire represented to them that it would include a builder's risk provision or an equivalent provision in the policy. Count III claims that Standard Fire's representations in this regard were false because the policy did not include a builder's risk provision and that the Proctors relied on these alleged misrepresentations.

## II.

To survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Mere labels and conclusions stating that the plaintiff is entitled to relief are not enough. *Id.* at 555, 127 S. Ct. at 1964–65. "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief."

---

[1] Mr. Proctor is a construction contractor.

*Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193. The Court must assume plaintiff's well-pleaded factual allegations to be true and determine whether those allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## III.

In its motion to dismiss count II, Standard Fire urges the Court to either dismiss the Proctors' counterclaim for attorney's fees or sever the claim entirely and order a separate trial. Count II alleges that the Proctors are entitled to recover costs and reasonable attorney's fees pursuant to § 38.2–209 of the Code of Virginia for exercising bad faith in disallowing their claims. According to Standard Fire, recovery of these costs and fees under this code section is only available if the Court first finds that Standard Fire breached their contractual obligation under the policy by denying coverage. Then, if the Court finds that the denial of coverage was in bad faith, it may determine if attorney's fees are appropriate. Absent a finding of contractual liability, Standard Fire claims that this aspect of count II is premature and should be dismissed. In response, the Proctors acknowledge that recovery of costs and fees under § 38.2–209 is predicated on a

findingof bad faith denial of coverage against Standard Fire, but nevertheless maintain that this portion of count II should not be dismissed until the Court determines whether Standard Fire is obligated to pay the Proctors' claims.

Section 38.2–209 of the Code of Virginia provides that when an insured sues its insurer seeking a determination of the extent of coverage under a policy, the insurer is liable for costs and attorney's fees if "the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy." Both parties acknowledge that the Proctors would be entitled to attorney's fees and costs only if this Court determines that Standard Fire acted in bad faith in denying coverage or payment. Yet Standard Fire urges the Court to dismiss count II or sever it because the request is premature.

While courts have admittedly adopted a variety of procedural approaches in applying this statute, the net effect has been the same. *See, e.g., Styles v. Liberty Mut. Fire Ins. Co.*, No. 7:06CV311, 2006 WL 1890104 (W.D. Va. July 7, 2006) (denying motion to dismiss Plaintiff's demand for fees and costs from the pending suit over coverage liability but holding that evidence of bad faith would only be considered after the breach of contract claim had been decided); *U.S. Airways, Inc. v. Commonwealth Ins. Co.*, 64 Va. Cir. 408, 419–20 (2004) (holding that § 38.2–209 does not create a separate cause of action and that any claim under the statute can only be decided after a ruling on the insurer's liability under the policy). In this Court's view the most efficient procedure is to hear evidence of bad faith during the coverage portion of the case. Following the Court's decision on the issue of coverage, it will turn to the issue of attorney's fees and

5

costs under § 38.2–209. It is therefore inappropriate at this stage of the proceedings to

dismiss or sever count II of the counterclaim. Standard Fire's motion will be denied.

**IV.**

Standard Fire has also moved to dismiss count III of the counterclaim, in which

the Proctors claim actual or constructive fraud based on purported misrepresentations that

Standard Fire made concerning the builder's risk provision of the policy. Standard Fire

argues that this claim "is barred by [the Proctors'] failure to read their insurance

contract." (Pl.'s Mem. Supp. Mot. Dismiss Count II at 2, ECF No. 11.) Standard Fire's

contention appears to be that because the Proctors alleged in their counterclaim that the

policy contains a Builder's Risk Endorsement, any claim for fraud based on the

misrepresentation of that Endorsement must fail because the policy and the Endorsement

speak for themselves. The Proctors filed a brief in response to the motion in which they

agree to concede count III provided that Standard Fire admits during discovery that the

policy was in effect at the time of the alleged theft of the building materials from the

construction site. Standard Fire has apparently refused to admit this fact. Consequently,

the Proctors have failed to assert any argument against the motion.

In considering a motion to dismiss, a Court may consider "documents central to

plaintiff's claim, and documents sufficiently referred to in the complaint so long as the

authenticity of these documents is not disputed." *Witthohn v. Federal Ins. Co.*, 164

F.App'x 395, 396 (4th Cir. 2006) (citing *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th

Cir. 1999). In this case, the dispute revolves entirely around the insurance policy.

Standard Fire references the policy repeatedly in its complaint and attached a complete

6

copy of the policy as Exhibit A to its complaint. Similarly, the Proctors' counterclaim is based entirely on the policy and refers to it in numerous instances. (Countercl. ¶¶ 5, 6, 7, 8, ECF No. 6.) Moreover, the authenticity of the policy is not in dispute. Accordingly, it is proper for the Court to consider the policy in ruling on Standard Fire's motion to dismiss count III of the counterclaim.

The Proctors allege that in June, 2008, when they renewed their policy, Standard Fire represented to them that the new policy would include a builder's risk provision. However, the Proctors claim that Standard Fire's representations in this regard were fraudulent because the policy "did not provide Builder's Risk insurance or its equivalent." (*Id.* at ¶ 34.) The Proctors' claim is directly contradicted by the text of the policy itself, which the Court may properly consider in ruling on this motion. The policy clearly includes a Builder's Risk Endorsement. (Compl. Ex. A at 37, ECF No. 1-1.) Therefore, the Proctors' claim for fraud cannot survive a motion to dismiss. Count III of the counterclaim will be dismissed.[2]

## V.

For the reasons stated above, Standard Fire's motion to dismiss count II of the counterclaim will be denied, and its motion to dismiss count III of the counterclaim will be granted. The Proctors' request for attorney's fees and costs in opposing the motions to

---

[2] Even assuming that the policy did not include the Builder's Risk Endorsement, count III would still be dismissed because it fails to allege the circumstances constituting fraud with particularity, as required by Fed. R. Civ. P. 9(b). The counterclaim makes no allegations regarding the substance of the alleged fraudulent representations, who made them, or when they occurred.

dismiss filed by Standard Fire will also be denied.  An appropriate Order will accompany

this Memorandum Opinion.

                                                                          /s/
                                                        Henry E. Hudson
                                                        United States District Judge

Date: July 25, 2011
Richmond, VA

8