IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THE STANDARD FIRE INSURANCE )
COMPANY, )
)
    Plaintiff/Counter Defendant, )
)
v. )    Civil Action No. 3:10CV655–HEH
)
HARMONIE R. PROCTOR )
and )
RIVA M. PROCTOR )
)
    Defendants/Counter Plaintiffs. )

## MEMORANDUM OPINION
### (Motions for Partial Summary Judgment)

This is an action by The Standard Fire Insurance Company ("Standard Fire")

seeking a declaratory judgment as to the scope of coverage, if any, of a homeowner's

insurance policy ("the policy") issued to Harmonie R. Proctor and Riva M. Proctor

(collectively "the Proctors"). This matter is currently before the Court for resolution of

partial motions for summary judgment.[1]  In their motions, the parties ask the Court to

determine the proper measure of damages under the policy for a loss caused by the theft

of building materials from the Proctors' home while it was under construction. Both

parties have submitted memoranda of law on this issue. The Court will dispense with

oral argument because the facts and legal contentions are adequately presented in the

---

[1] Although the Proctors filed the motion for partial summary judgment, the narrow issue
presented requires the Court to resolve the motion either in Standard Fire's or the Proctors'
favor. Accordingly, the Court will assume that each party has moved for partial summary
judgment.

materials before the Court, and oral argument would not aid in the decisional process. For the reasons stated below, Plaintiff's motion for partial summary judgment will be granted and Defendants' motion for partial summary judgment will be denied.

I.[2]

Resolution of the motion for partial summary judgment turns entirely on the interpretation of the language of the policy. For the limited purpose of this motion, the parties are in agreement that the relevant material facts are not disputed.[3]  In April, 2009, the Proctors were in the process of rebuilding their home, which had previously been damaged by a fire. On two separate occasions in April, construction materials were stolen from the Proctors' property. The first theft, on April 8, resulted in a loss of $432,101.93 worth of materials. The second theft, on April 18, resulted in a loss of $42,959 worth of materials. For the purposes of this motion, the parties do not dispute that the policy was in effect at the time of the thefts.

The policy includes a Builder's Risk Endorsement ("the Endorsement"), which provides for coverage in the event of the theft of building materials. The exact amount of coverage of such materials under the Endorsement, however, is disputed and is the subject of this motion for partial summary judgment.

---

[2] The Court here recounts only the facts relevant to the motion for partial summary judgment.
[3] Although Standard Fire's complaint seeks a declaratory judgment that the policy is void *ab initio*, for the purposes of the motion for partial summary judgment only, Standard Fire does not dispute the material facts.

## II.

A court will grant summary judgment only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). A genuine issue of material fact exists under Rule 56 "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). When evaluating a motion under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party." *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248–49, 106 S. Ct. at 2510 (internal quotations omitted). Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). A party opposing summary judgment must set forth evidence supporting its position

through depositions, answers to interrogatories, admissions, and affidavits, if any.

*Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

## III.

Section I of the policy insures the property and divides coverage into four different areas, referred to as "Coverages." (Compl. Ex. A at 3, ECF No. 1-1.) Coverage A insures "The Dwelling" and includes the "residence premises" and "[m]aterials and supplies located on or next to the 'residence premises.'" (*Id.* at 6.) However, Coverage A specifically disclaims coverage "for loss ... caused by ... theft in or to a dwelling under construction, or of materials and supplies for use in the construction until the dwelling is finished and occupied." (*Id.* at 12.)

The policy also includes a Builder's Risk Endorsement, which covers a loss caused by theft of building materials. The relevant portion of the Endorsement reads as follows:

BUILDERS RISK
We cover the dwelling and other structures insured under Coverage A and B while being constructed.

THEFT OF BUILDING MATERIALS
We insure for direct physical loss caused by theft in or to a dwelling under construction, or of building materials and supplies for use in the construction of the dwelling or other structures, while on the "residence premises."

LIMITS OF LIABILITY
The limits of liability shown in the Declarations for all Section I coverages are provisional. The actual limit that applies to Coverage A on any date while the policy is in force will be a percentage of the provisional limit. *The percentage will be the proportion that the actual cash value of the property on that date bears to the actual cash value of such property at the date of completion.* The provisional limits for Coverages B, C, and D will then be adjusted by the same percentage. The most we will pay, however, is the applicable provisional limit.

4

(Compl. Ex. A at 37) (emphasis added).

The Proctors urge the Court to find that the above-cited language of the policy, particularly the emphasized portion, is legally ambiguous, and should therefore be construed against Standard Fire. This ambiguity, according to the Proctors, means that the proper measure of damages for the theft should be the actual cash value of the stolen building materials, subject to Coverage A's $354,000 limit. On the other hand, Standard Fire contends that the Endorsement is unambiguous and clearly provides for limited coverage for the theft of building materials. According to Standard Fire, the coverage, however, must be reduced by the percentage set forth in the Endorsement. Standard Fire further asserts that such a calculation requires factual findings beyond the scope of this motion and should therefore be determined at trial based on the evidence and stipulations.

The parties agree that Virginia law applies to this case. Under Virginia law, insurance policies are treated as contracts and thus the general principles of contractual interpretation apply. *Dairyland Ins. Co. v. Douthat*, 248 Va. 627, 630, 449 S.E.2d 799, 801 (1994) (citations omitted). Terms that are clear and unambiguous are given their plain meaning. *Bridgestone/Firestone, Inc. v. Prince William Square Assocs.*, 250 Va. 402, 407, 463 S.E.2d 661, 664 (1995). "[W]hen interpreting a policy courts must not strain to find ambiguities, or examine certain specific words or provisions in a vacuum, apart from the policy as a whole. A policy provision is ambiguous when, in context, it is capable of more than one reasonable meaning." *Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 636 (4th Cir. 2005) (citations omitted). If policy language is found to be ambiguous, then it must be construed against the insurer. *Id.*

As an initial matter, it is clear that Coverage A specifically excludes coverage of building materials in the event of a "theft in or to a dwelling under construction, or of the materials and supplies for use in the construction until the dwelling is finished and occupied." (Compl. Ex. A at 12.) However, the Endorsement modifies and enlarges coverage to include the theft of building materials.[4] (*Id.* at 37.) Consequently, the Endorsement is the only portion of the policy that provides coverage for a loss due to the theft of building materials from the premises.

The sole issue then, is whether the Endorsement is ambiguous; that is, susceptible to more than one reasonable interpretation when read in its full context. *Resource Bankshares*, 407 F.3d at 636. An examination of the entire policy yields the conclusion that the Endorsement is intended to provide limited coverage in the event of a theft of building materials. Although perhaps needlessly esoteric, the Endorsement is not legally ambiguous. It is apparent that the Endorsement focuses its limitation on the value of the principal item insured—in this case the dwelling under construction—and cabins Standard Fire's exposure to the total value added to the dwelling by the building materials. Indeed, the Endorsement is subtitled "Dwelling Under Construction," and initially states "[w]e cover *the dwelling* and other *structures* insured under Coverages A and B while being constructed." (Compl. Ex. A at 37) (emphasis added). Tangible building materials clearly are not part of the dwelling and are not one of the "other structures" insured under Coverages A and B. (*Id.*) Therefore, the "property" referred to

---

[4] Indeed, the heading of the Builders Risk Endorsement reads: "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." (Compl. Ex. A at 37.)

in the Limits of Liability section of the Endorsement does not include tangible building materials stored inside the dwelling *per se*, but instead refers to the dwelling itself and any materials that have been incorporated into the structure. Accordingly, the Court finds that the Endorsement is not legally ambiguous and will grant Standard Fire's motion and deny the Proctors' motion.

## IV.

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment will be granted and Defendants' Motion for Partial Summary Judgment will be denied. An appropriate Order will accompany this Memorandum Opinion.

/s/
_____
Henry E. Hudson
United States District Judge

Date: July 29, 2011
Richmond, VA